### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **4:06-CR-00302-WRW**

**OWEN MCMULLEN**

### ORDER

Pending is Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 39).  Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.  After reviewing the case, I find that Defendant is not entitled to a sentence reduction.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[1]  Section 1B1.10(b)(2)(B) of the Sentencing Guidelines reads: provides that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."[2]

When Defendant was sentenced on June 26, 2007, his advisory guideline range was 151-188 months, based on a total offense level of 29 and a Criminal History Category of VI.  Under the crack cocaine amendment, Defendant's new guideline range is 130-162 months.

---

[1] *See* U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) (March 3, 2008).

[2] U.S.S.G. § 1B1.10(b)(2)(B).

At sentencing, over the Government's objection, I considered -- and accepted --

Defendant's argument for a downward variance based on the forthcoming crack cocaine

amendment.[3]  Defendant was sentenced to 140 months in prison based on, among other things,

the crack cocaine amendment.

## CONCLUSION

Since I considered the crack cocaine amendment at sentencing -- and because I still feel

that 140 months is "reasonable sentence and not too high"[4] -- Defendant's Motion to Reduce

Sentence (Doc. No. 39) is DENIED.

IT IS SO ORDERED this 12th day of February, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[3]At the sentencing, I stated, "I'm going to adopt all [Defendant's] arguments and go down
to 144 months over the objection of the Justice Department." I based this sentence on the
disparity in crack cocaine sentences and Defendant's "substantial [criminal] record."  In fact, in
the end, I reduced the sentence to 140 months, and found that to be a reasonable sentence.  See
Doc. No. 40 at 11, 13.

[4]Doc. No. 40, at 12.